UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHERINE EADE, ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> F. WARRAN WAYLAND, ET AL., ) <br> ) <br> Defendants. ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 5:11-CV-3327 EJD <br><br> **ORDER GRANTING MOTION TO JOIN PARTIES AND ALIGN THEM AS PLAINTIFFS; DENYING MOTION TO REALIGN DEFENDANT EADE RANCH MANAGEMENT; GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> **(Re: Docket No. 6)** |

Pending before the court is Defendants Kenneth Eade Jr., Wesley Eade, Livestock Service, Inc., EMCO International, Inc., and Nancy Gray Eade's (collectively, "Defendants") motion to join required parties, motion to align parties, and motion to dismiss.[1] For the reasons discussed below, the motion to align ERM is DENIED, the motion to join required parties is GRANTED, and the motion to dismiss is GRANTED-IN-PART and DENIED-IN-PART.

---

[1] Defendant Butterspur Cattle Feeders, Inc. and Defendant Butterspur Feeders, LLC filed a notice of joinder in the motion on August 16, 2011. Defendant F. Warren Wayland and Defendant Hayashi & Wayland Accounting & Consulting filed their Answer on September 28, 2011. Defendant Eade Ranch Management, Inc. has not yet appeared in this action.

1

Case No.: 5:11-CV-3327 EJD
ORDER GRANTING MOTION TO JOIN PARTIES AND ALIGN THEM AS PLAINTIFFS;
DENYING MOTION TO REALIGN DEFENDANT EADE RANCH MANAGEMENT;
GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION

# I. BACKGROUND

Plaintiffs allege that Kenneth L. Eade and Helene Eade ("Mr. and Mrs. Eade") created two testamentary trusts for their five grandchildren. Plaintiff Katherine Eade and Plaintiff Hannah Eade are two of the five grandchildren. The three other grandchildren beneficiaries of the trusts, Charlie Eade, Karen Eade, and James Eade (the "absentee grandchildren"), have not been named as parties to this action. Compl. ¶ 8. Plaintiffs allege that their father, Kenneth Eade Jr., and their uncle, Wesley Eade, committed fraud, were negligent, and breached their fiduciary duties as trustees. Plaintiffs also seek rescission of property in which the trusts had interest, appointment of a receiver to take control of and preserve assets traceable to the trusts, an accounting and return of all money and property due to the trusts, and an injunction against Defendants negatively impairing the value of any asset traceable to the trusts.

Plaintiff Katherine Eade also alleges that Defendant Eade Ranch Management ("ERM"), a California corporation, was used to siphon income away from the grandchildren. Defendants Wesley Eade and Kenneth Eade Jr. are officers and directors of ERM. Compl. ¶ 57. Plaintiffs allege that Defendants Wesley Eade and Kenneth Eade Jr. negligently or fraudulently conducted business in such a manner as to remove all profit from ERM and used ERM assets as their own in breach of their fiduciary duties to ERM. Id. ¶ 60. Thus, as the fourth claim for relief alleged in the Complaint, Plaintiff Katherine Eade brings a shareholder derivative suit on behalf of ERM.

Defendants move to have the absentee grandchildren joined as necessary parties and aligned as Plaintiffs. Defendants also move to realign ERM as a Plaintiff. Finally, Defendants move to dismiss the action for lack of subject matter jurisdiction. Two of the absentee grandchildren, James Eade and Karen Eade, and ERM are citizens of California. Decl. of Kenneth L. "Suk" Eade ¶ 2. Thus, if they are aligned as plaintiffs, complete diversity will no longer exist between the parties and the court will no longer have diversity jurisdiction over the action.

2

Case No.: 5:11-CV-3327 EJD
ORDER GRANTING MOTION TO JOIN PARTIES AND ALIGN THEM AS PLAINTIFFS;
DENYING MOTION TO REALIGN DEFENDANT EADE RANCH MANAGEMENT;
GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION

## II. LEGAL STANDARD

**A. Motion To Join Required Parties**

Federal Rule of Civil Procedure 19 sets forth the standards for joinder of required parties. Rule 19 proscribes a two-part analysis. First, the court must determine whether the absent party is required in the action under Rule 19(a). If a party is required but joinder is not feasible, the court must determine whether "in equity and good conscience" the action should proceed among the existing parties or should be dismissed. Fed. R. Civ. P. 19(b).

Rule 19 is designed to protect absent parties as well as those before the court from multiple litigation, inconsistent judicial determinations, or the impairment of interests or rights. CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911 (9th Cir. 1991). Rule 19 also is designed to further the public's interest "in avoiding repeated lawsuits on the same essential subject matter." Id. at 912.

**B. Motion To Realign Parties**

"Although the plaintiff is generally the master of his complaint, diversity jurisdiction 'cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants.'" In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1237 (9th Cir. 2008) (citing City of Indianapolis v. Chase Nat'l Bank of City of New York, 314 U.S. 63, 69 (1941)). "Instead, a court must realign the parties in order to protect our judgments against artful pleading and ensure an actual 'collision of interest.'" Id. (quoting Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co., 197 U.S. 178, 181 (1905)). "The court should determine the 'collision of interest' by reference to the 'principal purpose of the suit' and not mere 'mechanical rules.'" Id. (citing Indianapolis, 314 U.S. at 69–70).

## III. DISCUSSION

**A. ERM Is Properly Aligned As a Defendant**

Because a derivative lawsuit brought by a shareholder is "not his own but the corporation's," the corporation "is the real party in interest" and usually properly aligned as a

3

Case No.: 5:11-CV-3327 EJD
ORDER GRANTING MOTION TO JOIN PARTIES AND ALIGN THEM AS PLAINTIFFS; DENYING MOTION TO REALIGN DEFENDANT EADE RANCH MANAGEMENT; GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

plaintiff. Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 522–23 (1947). There is an exception, however, when a corporation's officers or directors are "antagonistic" to the interests of the shareholder plaintiff. Smith v. Sperling, 354 U.S. 91, 95–96 n. 3 (1957) (citing Doctor v. Harrington, 196 U.S. 579, 587 (1905) ("The ultimate interest of the corporation made defendant may be the same as that of the stockholder made plaintiff, but the corporation may be under a control antagonistic to him, and made to act in a way detrimental to his rights.")).

Here, the Complaint alleges that Defendant Kenneth Eade, Jr. and Defendant Wesley Eade are the directors and officers of ERM and in sole and complete control of ERM. Compl. ¶¶ 12, 22. The shares of ERM are held equally by Plaintiff Katherine Eade and by Nancy Gray Eade, who has been named as a Defendant in other claims in the Complaint. Compl. ¶ 59. The Complaint further alleges that "[d]ue to [Nancy Gray Eade's] control of 50% of the shares, there would be a deadlock in any vote to terminate [Wesley Eade] and [Kenneth Eade, Jr.] as directors and officers of ERM." Id. Defendants argue that ERM, which is named as a defendant in the shareholder derivative claim, should be realigned as a plaintiff because ERM is not antagonistic to the suit. Defendants argue that ERM is deadlocked because its shareholders are split 50-50.

"[C]ourts have generally not found antagonism where the corporation is structurally incapable of acting to bring suit against its officers and directors—where the corporation is 'deadlocked.'" In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1237 (9th Cir. 2008). Courts have found that a corporation is not antagonistic when the shareholders are deadlocked and the directors are also unable to act on behalf of the corporation. See Gibson v. BoPar Dock Co. Corp., 780 F. Supp. 371, 375 (W.D. Ca. 1991) (no antagonism where shareholders deadlocked and corporation "has no officers or directors capable of making corporate decisions rendering it incapable of action on its own behalf"); Cohen v. Heussinger, No. 89 Civ. 6941 (SS), 1994 WL 240378 (S.D.N.Y. May 26, 1994) (no antagonism where shareholders deadlocked and complaint "does not allege that [defendant] controlled the corporation,"); Duffey v. Wheeler, 820 F.2d 1161 (11th Cir. 1987) (no antagonism where shareholders deadlocked and "directors are split evenly");

4
Case No.: 5:11-CV-3327 EJD
ORDER GRANTING MOTION TO JOIN PARTIES AND ALIGN THEM AS PLAINTIFFS; DENYING MOTION TO REALIGN DEFENDANT EADE RANCH MANAGEMENT; GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Kartub v. Optical Fashions, Inc., 158 F. Supp. 757, 758 (D.C.N.Y. 1958) (no antagonism where shareholders deadlocked and corporation has no management due to death and resignation). In contrast, antagonism has been found where plaintiff and defendant were coequal shareholders and co-directors but defendant had become the dominant officer and had gained control of the corporation. See Ono v. Itoyama, 884 F.Supp. 892 (D.N.J. 1995).

Defendants have not cited any authority that supports finding a lack of antagonism based solely on a 50-50 shareholder split when all of the corporation's current directors are Defendants and the complaint alleges those Defendants control the corporation. Because the Complaint alleges that Defendant Kenneth Eade, Jr. and Defendant Wesley Eade are the directors and officers of ERM and are in control of ERM, the corporation appears to be under control antagonistic to shareholder Plaintiff Katherine Eade. Although the shareholders are split, there is no indication that the corporation's directors and officers are unable to make decisions on behalf of the corporation. Thus, this action is distinct from the above-listed cases in which a corporation was structurally incapable of acting to bring suit against its officers and directors. ERM therefore is properly aligned as a defendant.

Accordingly, Defendants' motion to realign ERM as a plaintiff is DENIED.

**B. The Absentee Grandchildren Are Required Parties Under Rule 19(a)**

Next, the court addresses Defendants' motion to join the absentee grandchildren as "required parties." Under Fed. R. Civ. P. 19(a)(1), an absent party is "required" in an action and should be joined, if feasible, when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

1   Required parties are those persons having an interest in the action who should be made parties
2   so that the court may "finally determine the entire controversy, and do complete justice, by
3   adjusting all the rights involved in it." CP Nat'l, 928 F.2d at 912 (citing Shields v. Barrow, 58
4   U.S. 130, 139 (1854)).

5   Defendants argue that this case falls under the "general rule [that] all beneficiaries are
6   persons needed for just adjudication of an action to remove trustees and require an accounting
7   or restoration of trust assets." Walsh v. Centeio, 692 F.2d 1239, 1243 (9th Cir. 1982).
8   Defendants argue that under Rule 19(a)(1)(A), without the absentee beneficiaries the court
9   cannot accord complete relief among existing parties because the absentee beneficiaries may
10  bring an identical lawsuit later. Defendants also argue that under Rule 19(a)(1)(B)(i), Plaintiffs
11  claim an interest relating to the subject of the action because they are beneficiaries and
12  litigating Plaintiffs claims without the absentee grandchildren may impair the absentee
13  grandchildren's ability to protect their interests, for example, because any judgment would be in
14  Plaintiffs' names alone. Finally, Defendants argue that under Rule 19(a)(1)(B)(ii), they would be
15  subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations
16  because of absentee grandchildren's interest and potential ability to recover from Defendants if
17  they subsequently filed suit.

18  Plaintiffs argue this case is distinct from the general rule that all beneficiaries are required
19  parties because in this case the absentee grandchildren have declared they do not wish to
20  participate in the lawsuit, the case involves terminated trusts rather than an existing trust, and
21  Plaintiffs are not seeking removal of an existing trustee. Furthermore, Plaintiffs argue that the
22  interests of the absentee grandchildren are identical to Plaintiffs' interests and thus the absentee
23  grandchildren's interests will not be impaired.

24  Here, Plaintiffs seek an accounting and rescission of assets traceable to the trust. In
25  Stevens v. Loomis, 334 F.2d 775, 778 (1st Cir. 1964), the First Circuit held that an income
26  beneficiary was a necessary party to a suit brought by the other income beneficiary against

the trustees for breach of fiduciary duty, reasoning that "[o]nly incomplete and unsatisfactory relief could be afforded in a suit, *the purpose of which was to charge the trustees to augment the corpus of the trust*, in which but one income beneficiary was represented." Id. at 778 (emphasis added). Similarly, Plaintiffs request relief that would affect the trust assets. If Plaintiffs are successful on their claims for rescission and accounting, Defendants will be required to distribute additional assets to Plaintiffs as beneficiaries of the trust. Mr. and Mrs. Eade, however, mandated what proportional shares of the trust assets each grandchild would receive. See Decl. of Kenneth L. Eade Jr. Ex. A. at 17; Ex. B at 2, ECF No. 47. Thus, if Plaintiffs are successful on their claims that would augment the amount of assets owned by the trust and thus receive additional funds, Defendants will have distributed a larger portion of the trust assets to the Plaintiffs relative to the absentee grandchildren than allowed by the instruments creating the trusts. As a result, the judgment in this action could subject Defendants to additional litigation. See Walsh, 692 F.2d 1239, 1243 (9th Cir. 1982) (finding absentee beneficiaries are required parties when the plaintiffs' requested removal of the trustee would frustrate the settlor's intent and subject the trustees to multiple litigation). Thus, under Rule 19(a)(1)(A), the absentee grandchildren are required parties because the court cannot accord complete relief among the existing parties in their absence.

Additionally, the absentee grandchildren claim a legally protected interest related to the subject of this action—they claim to be beneficiaries of the trusts and the relief sought in this action would affect the assets owned by those trusts.[2] See Decl. of Charlie Eade ¶ 2, ECF Nos. 29; Decl. of Karen Eade ¶ 2, ECF Nos. 30; Decl. of James Eade ¶ 2, ECF Nos. 31 (declaring that they are "one of the beneficiaries"); Compl. ¶ 8 (stating that "[the absentee grandchildren] claim an interest in the subject of this action."). In light of the possibility that the absentee grandchildren could seek similar relief in another lawsuit, and that lawsuit could require Defendants to further

---

[2] The absentee grandchildren's decision not to be a party to this lawsuit weighs against finding they are required parties based on possible harm to their own interests. See Blumberg v. Gates, 204 F.R.D. 453, 456 (C.D. Cal. 2001). The court, however, must also determine whether "other rights or interests, protectable under Rule 19, are implicated." Id.

7
Case No.: 5:11-CV-3327 EJD
ORDER GRANTING MOTION TO JOIN PARTIES AND ALIGN THEM AS PLAINTIFFS;
DENYING MOTION TO REALIGN DEFENDANT EADE RANCH MANAGEMENT;
GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION

augment the trust assets and distribute a portion to the absentee grandchildren, Defendants are also at risk of incurring multiple obligations because of the absentee grandchildren's interest in the trusts. See Stevens, 334 F.2d at 778 (finding absent beneficiaries were necessary and noting that "one must wonder what would happen if thereafter another beneficiary were to sue and have the trust corpus increased. Conversely, suppose this plaintiff were to win, and then some other beneficiary were to lose.") Thus, the absentee grandchildren also are required parties under Rule 19(a)(1)(B)(ii).

**C. The Absentee Grandchildren Would Be Aligned As Plaintiffs**

Whether joinder is feasible depends in part on how the absentee grandchildren would be aligned in this action with respect to diversity jurisdiction. When a party who should join as a plaintiff refuses to join a claim, and that party is subject to service of process, the proper course is to join the party as a defendant. Eikel v. State Marine Lines, Inc., 473 F.2d 959, 962 (5th Cir. 1973). Once the party is joined as a defendant, the party's interests may then be realigned in order to better reflect the party's true interests. Id. The courts, not the parties, are responsible for aligning the parties according to their interests in the litigation. Dolch v. United California Bank, 702 F.2d 178, 181 (9th Cir 1983) (citing Indianapolis, 314 U.S. at 69). If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named defendant must be realigned as a plaintiff for jurisdictional purposes. Id.

Here, the absentee grandchildren's interests are aligned with the Plaintiffs' interests as trust beneficiaries. Accordingly, the absentee grandchildren would be aligned as plaintiffs for diversity purposes. Two of the absentee grandchildren, James Eade and Karen Eade, are citizens of California. Decl. of Kenneth L. "Suk" Eade ¶ 2. As a result, citizens of California would be on both sides of the dispute. Thus, joinder is not feasible because it would destroy diversity jurisdiction over the claims related to the trusts.

8

Case No.: 5:11-CV-3327 EJD
ORDER GRANTING MOTION TO JOIN PARTIES AND ALIGN THEM AS PLAINTIFFS; DENYING MOTION TO REALIGN DEFENDANT EADE RANCH MANAGEMENT; GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**D. The Action Should Not Proceed Without the Absentee Grandchildren Under Rule 19(b)**

The court therefore analyzes whether the action should proceed without the absentee grandchildren or be dismissed under Rule 19(b). The court should consider at least four factors: the extent of prejudice to any party or to the absent party if the party is not joined; the extent to which that prejudice can be lessened or avoided; whether an adequate judgment can be awarded without an absent party; and whether Plaintiffs would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b); Kescoli v. Babbitt, 101 F.3d 1304, 1310-11 (9th Cir. 1996). These factors are not exclusive, and the weight to be accorded each of the factors will vary with different factual circumstances. Provident Tradesmens Bank & Trust v. Patterson, 390 U.S. 102, 118-19 (1968) ("The decision whether to dismiss . . . must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests.").

### 1. The Extent of Prejudice To Any Party Or The Absent Party

Defendants may suffer prejudice if the absentee grandchildren are not joined because of potential exposure to inconsistent obligations to the other beneficiaries if the absentee grandchildren seek relief on their own behalf in state court. Additionally, a judgment requiring Defendants to augment the assets owned by the trust and to distribute funds to Plaintiffs but not to the absentee grandchildren would require Defendants to violate the settlors' express intent regarding the relative allocation of shares of the trusts' assets. This factor therefore weighs in favor of dismissal.

### 2. The Extent To Which Relief Can Be Shaped To Lessen Prejudice

Complete and final adjudication of the claims cannot be achieved without the joinder of the absentee grandchildren. The absentee grandchildren are not prevented from seeking relief against Defendants on their own behalf in a separate action which might result in inconsistent obligations regarding what assets Defendants must distribute to the beneficiaries. Thus, the court cannot

conceive of a complete judgment that would not leave Defendants vulnerable to multiple lawsuits. This factor therefore weighs in favor of dismissal.

### 3. Adequacy Of A Judgment Without The Absent Party

Any judgment for Plaintiffs would necessarily affect the assets owned by the trusts and thus owed to the trusts' beneficiaries. Distributing assets only to the Plaintiffs would subject Defendants to additional litigation and a risk of inconsistent obligations. This factor therefore weighs in favor of dismissal.

### 4. Whether An Alternative Forum Exists

If this action is dismissed, Plaintiff and the absentee grandchildren will have an adequate remedy in state court. Because all of Plaintiffs' claims are state law claims, California state court is an alternative forum for this action as it involves questions of California law. Furthermore, state court may be a more appropriate forum for this action as a California state court is more familiar with state trust law. Faunce v. Bird, 210 F.R.D. 725, 730 (D. Or. 2002). The state court forum would also ensure that "all possible claims regarding the Trust are adjudicated in one forum and that the potential for multiple or inconsistent judgments is eliminated." Id. Therefore, an adequate alternative forum exists. This factor also weighs in favor of dismissal.

Additionally, the court notes this matter is in the preliminary stage of litigation. The majority of the Defendants have not yet filed answers to Plaintiffs' Complaint. The court has issued a case management order and the current order on the motion to dismiss, but no other proceedings have taken place. "[V]ery little duplication of effort would be necessary if the case were refiled in state court." Walsh, 692 F.2d at 1244. Accordingly, the Court determines that "in equity and good conscious" this action cannot proceed without the necessary parties, the absentee grandchildren.

**E. Motion To Dismiss For Lack Of Subject Matter Jurisdiction**

As a result of this order finding that absentee grandchildren are required parties without whom this action should not proceed, California citizens must be on both sides of the dispute

10

Case No.: 5:11-CV-3327 EJD
ORDER GRANTING MOTION TO JOIN PARTIES AND ALIGN THEM AS PLAINTIFFS; DENYING MOTION TO REALIGN DEFENDANT EADE RANCH MANAGEMENT; GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

regarding the trust. Thus, complete diversity is destroyed as to these claims, and the court lacks subject matter jurisdiction. Thus, the motion to dismiss is GRANTED as to the trust-related claims.

As a result of this order denying Defendants' motion to realign ERM as a plaintiff in the shareholder derivative claim, diversity still exists between both sides of the dispute for that claim. Because the only argument Defendants raise regarding lack of subject matter jurisdiction is the lack of diverse citizenship, the motion to dismiss is DENIED as to the shareholder derivative claim.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the motion to join Charlie Eade, Karen Eade, and James Eade and to align them as plaintiffs is GRANTED.

IT IS FURTHER ORDERED that the motion to realign ERM as a plaintiff is DENIED.

IT IS FURHTER ORDERED that the motion to dismiss for lack of subject matter jurisdiction is GRANTED-IN-PART and DENIED-IN-PART. Claims 1-3 and 5-12 are DISMISSED without prejudice and without leave to amend.

IT IS FURTHER ORDERED that, no later than April 30, 2012, Kenneth Eade, Jr. and Wesley Eade shall file an answer to the remaining claim, the shareholder derivative claim. The court notes that F. Warren Wayland, and Hayashi & Wayland Accounting & Consulting filed their Answer on September 28, 2011.

Dated: March 31, 2012

_____
EDWARD J. DAVILA
United States District Judge

11

Case No.: 5:11-CV-3327 EJD
ORDER GRANTING MOTION TO JOIN PARTIES AND ALIGN THEM AS PLAINTIFFS; DENYING MOTION TO REALIGN DEFENDANT EADE RANCH MANAGEMENT; GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION